**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HARBANS KAUR LEHRA, | No. 13-71961 |
| Petitioner, | Agency No. A072-959-035 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015[**]

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

Harbans Kaur Lehra, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to reopen

deportation proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen. *Mohammed v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Lehra's third motion to reopen as time- and number-barred, where Lehra filed the motion more than 16 years after the applicable regulatory deadline of September 30, 1996, *see* 8 C.F.R. § 1003.2(c)(2), and she failed to establish materially changed country conditions to qualify for the regulatory exception to the filing deadline, *see id.* § 1003.2(c)(3)(ii) (the time and number limitations on motions to reopen do not apply where an alien seeks to "apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing"), or the due diligence required for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679-80 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as the alien exercises due diligence in discovering such circumstances).

Lehra's contention that the BIA failed to consider all relevant evidence is not supported by the record. *See Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (the BIA is not required to "discuss each piece of evidence submitted").

Lehra's contention that the BIA made an improper credibility finding is also not supported by the record.

To the extent that Lehra challenges the agency's orders pretermitting her application for adjustment of status and denying her prior motions to reopen, we lack jurisdiction because this petition is not timely as to those orders. *See Stone v. INS*, 514 U.S. 386, 405 (1995).

In light of this disposition, we do not address Lehra's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**